PER CURIAM DENYING REHEARING.
In our original opinion, we noted that the trial court rejected defendant’s motion to withdraw his guilty plea obviously because the defendant’s complaint was that either or both he and his attorney did not understand that a jail sentence could be imposed as a condition of a probated sentence.
In a per curiam attached to the State’s application for rehearing, the trial court has confirmed what we deduced was the obvious reason for the trial court’s denying the motion to withdraw. In that per cu-riam, the trial court suggests that we too broadly stated that a plea bargain between the court and defendant had been breached. In retrospect, we agree that it was within the trial court’s prerogative to impose jail time as a condition of probation as in the circumstance where there is no bargain for a probated sentence. CCrP Art. 895(B).
In the first sentence of the penultimate paragraph of our opinion we said the imposition of the one-year jail time breached the plea bargain agreement. We accept the premise that the trial court in this instance did not agree that defendant would not have to serve time. What we should have said, to be more precise, was that if a trial court desires to reserve its option to order jail time as a condition of a probated sentence that is agreed to, the defendant must be informed of this reservation in the guilty plea colloquy. Otherwise, the guilty plea will not be voluntarily and intelligently made as the law requires.
As modified in the specifics mentioned, we adhere to our original opinion and deny the application for rehearing.
SEXTON, J., dissents with written reasons.